UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD WHITEHURST,

    Plaintiff,

    v.

ALL WALGREEN'S COMPANY STORES, et al.,

    Defendants.
_____/

No. C 10-4195 PJH

**ORDER**

Before the court is defendants' motion to dismiss the first amended complaint ("FAC"). Having read the parties' papers and carefully considered their arguments, and good cause appearing, the court hereby GRANTS the motion.

## BACKGROUND

Pro se plaintiff Richard Whitehurst alleges that on April 16, 2008, he visited a Walgreen's store located on North La Brea Avenue in Inglewood, California. While plaintiff was in the store, he allegedly asked the pharmacist to fill one or more prescriptions. However, plaintiff asserts, the pharmacist refused to fill the prescriptions and also used a racial epithet. Plaintiff also claims that a store employee refused to help him reach an ice chest that was on a shelf out of his reach.

On September 19, 2008, plaintiff filed case No. BC398445 lawsuit in the Superior Court of California, County of Los Angeles, relating to the April 16, 2008 incident. Plaintiff alleged causes of action under the Disabled Persons Act, California Civil Code § 54, et seq.; the Unruh Civil Rights Act, California Civil Code § 51, et seq.; California Health &

Safety Code § 19955, et seq.; and California Business & Professions Code § 17200, plus a claim for "gross negligence" or negligence per se.  Named as defendants were Walgreen's Company Stores; Walgreen Pharmacy #6413, 230 North La Brea Avenue, Ingleside, California; The Pharmacist "IFY;" and All Walgreen Stores.  On July 1, 2009, the Superior Court granted defendant Walgreen's motion for summary judgment, and dismissed the case with prejudice.  The court also awarded Walgreen's its costs of suit, in the amount of $1,443.10.

On September 15, 2009, plaintiff filed case No. C-09-6680 GAP in the U.S. District Court, Central District of California, alleging that he had been discriminated against on the basis of race and disability at the Walgreen's Store located at 230 North La Brea Avenue in Ingleside, California, during a visit to the store on April 16, 2008.  Plaintiff asserted claims under 42 U.S.C. § 1981; the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq.; the Unruh Act; and the Disabled Persons Act; and a claim of "gross negligence" or negligence per se.  Named as defendants were Walgreen's Company Store; Walgreen's Company Stores Pharmacy; Walgreen's Company Stores Manager, Samantha Briggs; Walgreen's Company Store Pharmacist Ify Nwagboso; and Property Owners Anchor Metro LLC.

Defendants moved to dismiss the complaint pursuant to Rule 12(b)(6), for failure to state a claim, arguing that plaintiff's claims were barred by res judicata.  On February 17, 2010, the court granted the motion, finding that the order granting summary judgment in Los Angeles Superior Court case No. BC398445 barred plaintiffs' claims, as both the state and the federal action involved the same set of facts and the same "primary right."  The dismissal was without leave to amend.

On February 24, 2010, plaintiff filed a notice of appeal.  On May 21, 2010, the Ninth Circuit issued an order in case No. 10-55280, denying plaintiff's motion to proceed in forma pauperis, on the basis that the appeal was frivolous.  On June 22, 2010, finding that plaintiff had failed to perfect the appeal, the Ninth Circuit dismissed the appeal.

On September 16, 2010, plaintiff filed the present action against defendants "All

Walgreen's Company Stores; Wallgreen's Company Stores Pharmacy's [sic]; Walgreen's Company Stores Pharmacist's [sic]; SeniorMed LLC; Allen G. McNally, Chairman and acting CEO; Gregory Wasson, CEO; The Happy Harry's Chain's [sic]; The Duane Reeda Chain's [sic]; the Law Office of Seyfarth Shaw LLP; and Todd C. Hunt, Attorney."[1]

Plaintiff alleged causes of action under the ADA; the Unruh Act; the California Disabled Persons Act; and Health & Safety Code § 19955; and also asserted claims of fraud; misrepresentation; conspiracy; negligence; and perjury. On October 18, 2010, defendants filed a motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6), a motion for a more definite statement pursuant to Rule 12(e), and a motion to strike pursuant to Rule 12(f).

On November 5, 2010, plaintiff filed the FAC. In the FAC, plaintiff added as defendants 29 individual Walgreen's stores located in San Francisco, California, and deleted defendants Law Office of Seyfarth Shaw, and Todd C. Hunt. Plaintiff also eliminated mention of the Walgreen's in Inglewood, California, that he allegedly visited on April 16, 2008, instead asserting that on April 16, 2008, he "did visit All Walgreen Company Stores," where the pharmacist refused to fill his prescriptions and used a racial epithet, and the store employee refused to retrieve the ice chest from the upper shelf.

The FAC alleges six causes of action – violation of the ADA; violation of California Civil Code § 54, et seq.; violation of California Civil Code §§ 51 and 52, et seq.; violation of California Health & Safety Code § 19955, et seq.; declaratory relief; and violation of California Civil Code § 3345 (unfair or deceptive practices against senior citizens or disabled persons).

Defendants withdrew their original motion to dismiss, and on November 29, 2010, filed a motion to dismiss the FAC pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6), an alternative motion for a more definite statement pursuant to Rule 12(e), and a

---

[1] The defendants named above are those listed in the caption of the complaint. The body of the complaint also mentions other individuals and business entities. It is not clear whether plaintiff intended to name those individuals and entitles as defendants, but it appears he did not, as summonses were issued for only the defendants listed in the caption.

3

motion to strike pursuant to Rule 12(f). Defendants noticed the motion for hearing on January 5, 2011.

Also on November 29, 2010, plaintiff filed a motion for leave to amend the complaint. However, the proposed amended complaint was labeled "First Amended Complaint" and was identical to the previously filed FAC. Accordingly, the court finds that that motion must be DENIED as moot.

On December 7, 2010, plaintiff filed an opposition to the motion to dismiss the FAC. Defendants filed a reply to the opposition on December 21, 2010.

The court has reviewed the papers and finds the motion appropriate for decision without oral argument. Because the court finds that the complaint is barred by res judicata, the court does not address the motion to dismiss for improper venue, the alternative motion for a more definite statement or motion to strike.

**DISCUSSION**

A.   Legal Standard

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is limited to the contents of the complaint. Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8.

Rule 8(a)(2) requires only that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specific facts are unnecessary – the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). All allegations of material fact are taken as true. Id. at 94. However, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations and

4

1   quotations omitted).  Rather, the allegations in the complaint "must be enough to raise a
2   right to relief above the speculative level." Id.

3   A motion to dismiss should be granted if the complaint does not proffer enough facts
4   to state a claim for relief that is plausible on its face.  See id. at 558-59.  "[W]here the
5   well-pleaded facts do not permit the court to infer more than the mere possibility of
6   misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to
7   relief.'"  Ashcroft v. Iqbal, 556 U.S. __, 129 S.Ct. 1937, 1950 (2009).

8   A defendant may raise the affirmative defense of res judicata by motion to dismiss
9   under Federal Rule of Civil Procedure 12(b)(6).  Scott v. Kuhlmann, 746 F.2d 1377, 1378
10  (9th Cir. 1984).  Federal courts must afford full faith and credit to state court judgments.  28
11  U.S.C. § 1738; San Remo Hotel, L.P. v. City and Cnty. of San Francisco, 545 U.S. 323,
12  336 (2005).  "Under res judicata, a final judgment on the merits of an action precludes the
13  parties or their privies from relitigating issues that were or could have been raised in that
14  action."  Allen v. McCurry, 449 U.S. 90, 94 (1980).

15  In addition, when resolving a motion to dismiss for failure to state a claim, the court
16  may not generally consider materials outside the pleadings.  Lee v. City of Los Angeles,
17  250 F.3d 668, 688 (9th Cir. 2001).  There are several exceptions to this rule.  The court
18  may consider a matter that is properly the subject of judicial notice, such as matters of
19  public record.  Id. at 689; see also  Mack v. South Bay Beer Distributors, Inc., 798 F.2d
20  1279, 1282 (9th Cir. 1986) (on a motion to dismiss, a court may properly look beyond the
21  complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion
22  to one for summary judgment).  Additionally, the court may consider exhibits attached to
23  the complaint, see Hal Roach Studios, Inc. V. Richard Feiner & Co., Inc., 896 F.2d 1542,
24  1555 n.19 (9th Cir. 1989), and documents referenced by the complaint and accepted by all
25  parties as authentic.  See Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th
26  Cir. 2002).

27  B,    Defendants' Motion
28  Defendants seek dismissal of the complaint for failure to state a claim on the ground

that plaintiff's claims have already been adjudicated in the Los Angeles Superior Court, and are therefore barred by the doctrine of res judicata, as stated by the U.S. District Court for the Central District of California.  The court grants defendants' request for judicial notice of the complaints filed in those two courts, and the subsequent dispositive orders.

Federal courts look to state law to determine the preclusive effect of a state court judgment.  Manufactured Home Cmtys. Inc. v. City of San Jose ("MHC"), 420 F.3d 1022, 1031 (9th Cir. 2005).  Accordingly, the Court applies California's res judicata law in ruling on defendants' motion to dismiss.  See Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 364 (9th Cir. 1993).

California law holds that a final judgment of a state court "precludes further proceedings if they are based on the same cause of action."  Maldonado v. Harris, 370 F.3d 945, 952 (9th Cir. 2004).  Unlike the federal courts, which apply a "transactional nucleus of facts" test, California courts employ the "primary rights" theory to determine what constitutes the same cause of action for claim preclusion purposes.  Id.

Under the "primary rights" theory, "a cause of action is (1) a primary right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendant, and (3) a harm done by the defendant which consists in a breach of such primary right and duty."  City of Martinez v. Texaco Trading & Transp., Inc., 353 F.3d 758, 762 (9th Cir. 2003) (citation omitted). "[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant, then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery."  Eichman v. Fotomat Corp., 147 Cal. App. 3d 1170, 1174 (1983).

Here, the "causes of action" in the federal action are the same as those asserted in the state court action.  The two actions involve the same alleged injury to plaintiff and the same alleged wrongs by defendant.  Specifically, in both actions, plaintiff alleges that on April 16, 2008, defendants violated his rights by refusing to fill his prescriptions, using a racial epithet, and by refusing to assist him when he requested that an item be brought

6

down from an upper shelf. Plaintiff also seeks the same relief as in the prior actions – damages, and declaratory and injunctive relief. Thus, under California's "primary rights" theory, the issues raised in the prior actions are identical to the issues raised in the present action. Since the state court action ended with a judgment on the merits, the present action is barred by res judicata, and plaintiff is prohibited from bringing a further action alleging the same facts. See Crowley v. Modern Faucet Mfg. Co., 44 Cal. 2d 321, 323 (1955).

**CONCLUSION**

In accordance with the foregoing, defendants' motion to dismiss is GRANTED. Because the court finds that amendment would be futile, the dismissal is WITH PREJUDICE.

The date for the hearing on the motion, previously set for Wednesday, January 5, 2011, is VACATED.

**IT IS SO ORDERED.**

Dated: December 28, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge